FILED
7/9/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

E.C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. |
| v. | Violations: Title 18, United States Code, Sections 1029(a)(3) and (b)(2) |
| DELRE SMITH | |

1:25-cr-00379
Judge Martha M. Pacold
Magistrate Judge Beth W. Jantz
RANDOM CAT 4

### COUNT ONE

The SPECIAL APRIL 2024 GRAND JURY charges:

1. At times material to this indictment:

    a. The federal Social Security Act established a dual program of federal and state unemployment insurance ("UI") benefits administered federally through the Department of Labor. Under the Act, each state also administered its own UI program through a state workforce agency ("SWA"), within the guidelines set forth by federal and state law. During periods of high unemployment, the federal government also funded or augmented state UI benefits, including benefits pursuant to the Families First Coronavirus Response Act, which provided additional flexibility for SWAs and additional administrative funding to respond to the COVID-19 pandemic, and the Coronavirus Aid, Relief, and Economic Security Act, which provided emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

    b. States' UI benefit programs provided temporary financial assistance to qualified individuals who lost their jobs through no fault of their own and who continued to meet eligibility requirements of state law. Each SWA administered its own UI program and paid out benefits to eligible recipients.

Unemployed individuals who met the eligibility requirements periodically filed certifications for UI benefits.

c. Claimants commonly filed for UI benefits online using unique accounts into which claimants enter their personal identifying information—for example, name, date of birth, and social security number—and their employment history. If the SWA determined that the claimant met eligibility criteria, the SWA then determined the claimant's benefit amount, and deposited the UI benefits either into the claimant's bank account or onto a prepaid debit card.

### *Entities*

d. The Arizona Department of Economic Security ("AZDES") was the SWA for the State of Arizona.

e. The California Employment Development Department ("CAEDD") was the SWA for the State of California.

f. The Michigan Unemployment Insurance Agency ("MIUIA") was the SWA for the State of Michigan.

g. The Mississippi Department of Employment Security ("MIDES") was the SWA for the State of Mississippi.

h. The Nevada Department of Employment, Training and Rehabilitation ("NVDETR") was the SWA for the State of Nevada.

i. Bank of America and U.S. Bank were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation.

*Defendant*

j.  Defendant DELRE SMITH was a resident of the state of Illinois.

2.  Beginning in or around April 2020 and continuing until at least July 12, 2020, at Chicago Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

DELRE SMITH,

defendant herein, did conspire with one or more persons unknown to the Grand Jury, knowingly and with intent to defraud, to traffic in or use one or more unauthorized access devices, namely unemployment insurance debit cards, during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or more during that period, thereby affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

*Manner and Means*

3.  It was part of the conspiracy that SMITH and his coconspirators, for the purpose of fraudulently obtaining more than approximately $100,000 in UI benefits, knowingly used and caused the use of the personal identifying information of individuals without their authorization, including names, birth dates, and Social Security Numbers, to acquire prepaid debit cards containing UI benefits issued by the SWAs of Arizona, California, Michigan, Mississippi, and Nevada.

4.  It was further part of the conspiracy that SMITH and his coconspirators received the fraudulently obtained UI debit cards via United States Mail, at residences to which they had access.

5. It was further part of the conspiracy that, after receiving the UI debit cards, SMITH used the fraudulently obtained debit cards to make purchases, including from the United States Postal Service.

6. It was further part of the conspiracy that, after receiving the UI debit cards, SMITH and his coconspirators used the fraudulently obtained debit cards to withdraw U.S. currency from financial institutions, including Bank of America and U.S. Bank.

7. It was further part of the conspiracy that SMITH and his coconspirators would and did perform acts and make statements to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT TWO

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about July 12, 2020, at Chicago Heights, in the Northern District of Illinois, Eastern Division, and elsewhere,

DELRE SMITH,

defendant herein, knowingly and with intent to defraud, possessed fifteen or more unauthorized access devices, namely, approximately 37 unemployment insurance debit cards issued by the States of Arizona, California, Michigan, Mississippi, and Nevada, thereby affecting interstate commerce;

In violation of Title 18, United States Code, Section 1029(a)(3).

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Michelle Petersen, on behalf of the
UNITED STATES ATTORNEY